**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Criminal Case No. 06-cr-00192-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     WILLIAM ORR,

        Defendant.

_____

**ORDER**
_____

This matter having been brought before the Court on motion of Defendant William Orr, and the Court now being sufficiently advised in the premises, the Court hereby finds:

1. Based on the representations of defense counsel, this case will be a document-intensive and technologically challenging case with more than 50,000 pages of discovery documents already being produced by the government.

2. The case involves charges of wire and mail fraud, tax evasion and false statements to the government, and there may be a need or pretrial motions to address legal issues. Defense counsel will need several weeks to review the documents and determine what pre-trial issues need to be addressed.

3. There appear to be dozens of witnesses identified by the government whom the defense will want to interview.

4. The defendant will apparently need to retain expert witnesses in the case and these witnesses will need substantial time to review materials and prepare their reports and to prepare for their trial testimony.

5. Given the volume and the nature of the discovery, and given the complex technological issues embedded in the case, it would be unreasonable to expect defense counsel to be able to adequately prepare for pretrial proceedings or for the trial itself within the time limits allotted under the Speedy Trial Act. Setting the trial within the time remaining under the Speedy Trial Act would deny the defendant the reasonable time necessary for counsel to provide the effective assistance of counsel to which he is constitutionally entitled.

6. The government does not oppose this request by the defendant for a continuance.

7. The court finds, pursuant to 18 U.S.C. § 3161(8)(A) and § 3161(8)(B)(iv), that the ends of justice will be served by the granting of a continuance, and that the ends of justice which will be served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial.

ACCORDINGLY, the Court HEREBY GRANTS the Defendant's MOTION for an ENDS-OF-JUSTICE CONTINUANCE. Excluded from the period of time within which the trial must commence are: (1) the time between the filing of the motion and the date of this order; and (2) an additional period of 90 days.

Dated:    August 4, 2006

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge