IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Criminal Case No.  06-CR-00192-LTB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

WILLIAM ORR,

       Defendant.

_____

# ORDER

_____

The defendant, William Orr moves for complete disclosure of the transcript of the grand

jury proceedings that resulted in the indictment against him; the testimony of witnesses who

appeared before the grand jury has previously been produced.  He specifically seeks records of

oral instructions to the grand jury, colloquy between the Government and the grand jury, legal

argument by the Government, opening and closing statements, and evidence provided not under

oath.  He acknowledges that Rule 6(e) protects the secrecy of the grand jury proceedings.

Nevertheless, he argues that any compromise of the independence of the grand jury requires

dismissal of the indictment.

The Government argues that Mr. Orr has made no showing of particularized need for the

materials.  Fed. R. Crim. P. 6(e)(3)(E); *Douglas Oil Co. of California v. Petrol Stops Northwest*,

441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979); *United States v. Rockwell Int'l. Corp.*,

173 F.3d 757, 759 (10th Cir. 1999).  The Government characterizes Mr. Orr's motion as a request

for authorization to engage in a fishing expedition, prohibited under the Rule. *In re Special Grand Jury 89-2*, 143 F.3d 565, 570 (10th Cir. 1998).

I begin with the presumption of regularity that attaches to grand jury proceedings. *Hamling v. United States*, 418 U.S. 87, 139 n.23, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *United States v. Torres*, 901 F.2d 205, 232 (2d Cir. 1990). "An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986), *cert. denied*, 494 U.S. 1088, 110 S. Ct. 1829, 108 L. Ed. 2d 958 (1990). Also, it is a "long established policy that maintains the secrecy of grand jury proceedings in the federal courts." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424, 103 S. Ct. 3133, 77 L. Ed. 2d 743 (1983)(quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)). For these reasons, "review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *Torres*, 901 F.2d at 233.

Courts in this Circuit routinely reject requests for grand jury materials, including non-testimonial materials, absent showings of particularized need. *Rockwell Int'l. Corp.*, 173 F.3d at 759; *In re Special Grand Jury 89-2*, 143 F.3d at 569; *United States v. Nacchio*, 2006 WL 3292818 (D. Colo. 2006); *United States v. Jackson*, 863 F. Supp. 1449, 1456 (D. Kan. 1994); *United States v. Zhitlovsky*, 2003 WL 21939024 (D. Kan. 2003); *United States v. Farr*, 2006 WL 3306902 (W.D. Okla. 2006); *United States v. Welch*, 201 F.R.D. 521 (D. Utah 2001). Mr. Orr must demonstrate that: "(1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed." *In re Grand Jury 95-1*, 118 F.3d

2

1433, 1437 (10th Cir. 1997); *In re Special Grand Jury 89-2*, 143 F.3d at 570.  "Relevance alone is

not sufficient; secrecy will not be broken absent a compelling necessity for the materials."  *Id.*

Mr. Orr's speculative, general motion does not show particularized need.  Mr. Orr gives

no indication that the Government misbehaved or compromised the grand jury's independence in

this case.  Indeed, Mr. Orr concedes that he "cannot even begin to assert that there are prejudicial

errors."  This concession is sufficient to defeat his request.  *Jackson*, 863 F. Supp. at 1456.  The

Tenth Circuit forbids the release of grand jury materials "for the purpose of a fishing expedition or

to satisfy an unsupported hope of revelation of useful information."  *Rockwell Int'l. Corp.*, 173

F.3d at 760.

Citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S. Ct. 2369, 101 L. Ed.

2d 228 (1988), Mr. Orr argues that the Supreme Court's review in that case of grand jury

proceedings for prosecutorial misconduct necessarily implies a right of a defendant to review the

proceedings.  Mr. Orr misreads *Bank of Nova Scotia*.  The Supreme Court in that decision

considered the question whether a district court may invoke its supervisory power to dismiss an

indictment for prosecutorial misconduct in a grand jury investigation where the misconduct does

not prejudice the defendant.  The Court held that dismissal was improper absent prejudice.  *Bank*

*of Nova Scotia*, 487 U.S. at 254, 263.  The decision does not disclose how the alleged misconduct

came to the attention of the district court.  The Supreme Court specifically declined to inquire

whether the grand jury's independence was infringed.  *Id.* at 259.

Next, Mr. Orr argues that Rule 6 does not distinguish between testimonial and other grand

jury material; because the Court has permitted disclosure of grand jury testimony, it can also allow

disclosure of the rest of the transcripts.  He argues that any harm to grand jury secrecy accrued

3

with disclosure of the testimonial portions of the transcripts and that the Government's continued invocation of secrecy serves no purpose.

Mr. Orr is mistaken in his assertion that by conceding the testimonial portions of the transcript, the Government made moot the secrecy of the non-testimonial excerpts. The district court authority cited above commends the opposite conclusion. Even where grand jury testimony has been disclosed, courts reject requests to disclose, absent showings of particularized need for, additional material. *See*, *e.g.*, *Jackson*, 863 F. Supp. at 1455-1457; *Farr*, 2006 WL 3306902 at *1. This practice follows the Tenth Circuit's mandates that disclosures be made only on a showing of particularized need and that any disclosure be narrowly tailored to address the need demonstrated. *Rockwell Int'l. Corp.*, 173 F.3d at 760.

Alternatively, Mr. Orr requests that the Government produce to the court for *in camera* review a complete transcript of the grand jury proceedings. However, the Tenth Circuit has made clear that *in camera* review must follow defense counsel's articulation of particularized need, *Rockwell Int'l. Corp.*, 173 F.3d at 760, a function Mr. Orr's counsel expressly concedes he cannot perform.

In his reply, for the first time – he has allowed the Government no opportunity to respond – Mr. Orr produces a motion to quash a subpoena, which he filed in the grand jury proceedings at issue. In that motion, Mr. Orr intimated his belief "that the EPA instigated these investigations because of EPA hostility towards Mr. Orr's efforts to develop an alternative fuel and it did so in part as political retaliation for Mr. Orr suing them in federal court over their promulgation of a national rule regulating sulfur in automotive fuels." He alleged that federal investigators examined the contents of his safe deposit vault "[u]nder some very strange and suspicious

4

circumstances," but asserts that they did so at the invitation of the bank where the vault was located after the bank expressed concern over hazardous materials that he had stored therein. He asserted that investigators characterized his putative fuel-additive-development enterprise as an investment scam; this claim, he stated, was specious. Additional polemics include: that the Government's agents "terrorize[d]" Mr. Orr's business associates; that agents spread false information about him in order to destroy his business; that agents threatened one of Mr. Orr's investors (he concedes that the agents had a much different recollection) and obtained personal documents from another, exceeding the scope of a subpoena; that his associates found investigators' attitudes "troublesome" and felt intimidated.

In the Government's response to Mr. Orr's motion to quash, the Assistant United States Attorney averred that she had investigated Mr. Orr's accusations of impropriety and found them contradicted. After reviewing the motion and the Government's response, a judge of this Court denied it. The Court specifically found that Mr. Orr had "failed to show good grounds to quash the subpoena."

Mr. Orr now speculates that the purported irregularities in the investigation imply improprieties in the grand jury proceedings. He does not demonstrate the connection. Instead, he asserts the proposition, as if *ipso facto*, "Mr. Orr has every reason to believe that the government's misconduct may have continued before the grand jury." This vague and conclusory accusation does not rise to the level of particularized need.

Accordingly, the motion for disclosure [#25] is DENIED.


Dated: January ___9___, 2007, in Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge