IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Criminal Case No.  06-CR-00192-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIAM ORR,

        Defendant.

_____

ORDER
_____

On May 18, 2006, a Grand Jury indicted the defendant, William Orr, of ten counts of mail fraud, 18 U.S.C. §§ 2(b) and 1341; four counts of wire fraud, 18 U.S.C. §§ 2(b) and 1343; three counts of false statements, 18 U.S.C. §§ 2(b) and 1001(a)(3); five counts of tax evasion, 18 U.S.C. § 2(b) and 26 U.S.C. § 7201; and six counts of failure to file tax returns, 18 U.S.C. § 2(b) and 26 U.S.C. § 7203.  The indictment details, in twenty-three compendious pages, an alleged scheme by Mr. Orr to defraud investors and the United States Environmental Protection Agency ("EPA"), which issued a research grant to a non-profit organization of which Mr. Orr was principal.  Mr. Orr has filed a motion for a bill of particulars.  The motion is adequately briefed and I DENY it.

Mr. Orr allegedly established various for-profit and non-profit entities, which he controlled, ostensibly for the purpose of developing a fuel additive called "vapor phase combustion" ("VPC").  The indictment alleges that, beginning prior to January, 1998 and

continuing through 2004, Mr. Orr made to investors fraudulent representations concerning VPC, including its purported marketability, efficacy, and sales prospects, and putative offers Mr. Orr had received for the financing and purchase of VPC.  Mr. Orr allegedly caused third parties to make similar misrepresentations in order to solicit funds from investors.  The indictment further alleges that all scientific testing on VPC failed to demonstrate any of the promised commercial benefits and that Mr. Orr arrogated the invested funds for his personal use.

The indictment identifies by date, content, recipient and, in some instances, sender eight written communications that Mr. Orr mailed or caused to be mailed by his agents to investors.  It also identifies by date and content numerous communications that Mr. Orr allegedly sent by mail or wire transmission in furtherance of his fraudulent scheme to obtain the EPA research grant.  These purportedly included a September 1, 2001 letter to the EPA containing fabricated test results.  Mr. Orr does not dispute that the Government has produced to him all of the communications identified in the indictment.

Mr. Orr speculates that some of the allegedly fraudulent acts occurred more than five years before the indictment issued and thus fall outside the statute of limitations.  18 U.S.C. § 3282.  He surmises that the Government intends to argue that his purported concealment tolled the limitations period.  He represents that discovery consists of more than 60,000 pages and requests more specific identification of the representations on which the Government relies.  In particular, he requests the identities of investors alleged to have received his communications and associates alleged to have mailed fraudulent documents on his behalf.  He posits, "If *Mr. Orr cannot determine who the government alleges committed a criminal act*, or who (sic) he allegedly caused to commit a criminal act or to act in furtherance of an alleged crime, he certainly can't

2

determined (sic) how he allegedly caused an unidentified person to commit an act." Defendant's Motion for a Bill of Particulars, 3 (emphasis original).

The Government points out that the indictment provides specific dates for the predicate acts charged. It also argues that it is not required to identify Mr. Orr's alleged victims or associates by name in the indictment. It points out that Mr. Orr has all of the relevant evidentiary materials and has had several months to review the materials to discern for himself what he is alleged to have done and when.

An indictment need only meet minimal constitutional standards, and its sufficiency is determined by practical rather than technical considerations. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id*. Mr. Orr does not contend that the indictment in this case fails to meet this standard. Instead, he argues that he cannot defend against the charges of which the indictment apprises him because he cannot discern whether any of the predicate communications fall outside the limitations period. However, he does not dispute that he possesses all of the materials requisite to that defense. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).

It is well established that a bill of particulars may not be used by a defendant as a means to obtain evidentiary details. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). The Government has produced all of the evidence it deems relevant. *Gabriel*, 715 F.2d at 1449. Mr. Orr does not suggest that the Government possesses additional evidence that he will be surprised to encounter at trial.

Accordingly, and for the reasons stated during the February 27, 2007 hearing, it is ORDERED that:

1) the motion for a bill of particulars [33] is DENIED;

2) the Government shall provide notice of its intended expert testimony on or before March 18, 2007;

3) Mr. Orr shall file any additional motions on or before April 13, 2007;

4) the Government shall respond on or before May 4, 2007; and

5) a further status and scheduling conference shall be held on **Friday May 11, 2007 at 8:00 A.M.**.

Dated: February __28__, 2007, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge