✎AO 245B     (Rev. 09/08) Judgment in a Criminal Case
             Sheet 1

# UNITED STATES DISTRICT COURT

                                        District of          COLORADO

UNITED STATES OF AMERICA               **JUDGMENT IN A CRIMINAL CASE**
**V.**

WILLIAM C. ORR                         Case Number:     06-cr-00192-LTB-01

                                       USM Number:      34252-013

                                       Paul Grant, Appointed
                                       Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to Count _____

☐ pleaded nolo contendere to Count _____
  which was accepted by the Court.

☒ was found guilty on Counts   One through Fifteen, Seventeen, and Twenty-three through Twenty-eight of the Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 02/15/2002 | One |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 07/21/2003 | Two |

   The defendant is sentenced as provided in pages 2 through   __12__   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   A judgment for mistrial was entered on Counts Nineteen through Twenty-two. Counts Sixteen and Eighteen were dismissed on motions of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

                                       May 27, 2009
                                       Date of Imposition of Judgment


                                       s/Lewis T. Babcock
                                       Signature of Judge


                                       Lewis T. Babcock, Senior U.S. District Judge
                                       Name and Title of Judge

                                       June 4, 2009
                                       Date

AO 245B  (Rev. 06/05) Criminal Judgment
Sheet 1A

Judgment—Page 2 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 01/22/2004 | Three |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 04/02/2004 | Four |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 04/12/2004 | Five |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 04/13/2004 | Six |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 11/23/2004 | Seven |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 12/06/2004 | Eight |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 09/01/2001 | Nine |
| 18 U.S.C. §§ 1341 and 2(b) | Mail Fraud and Aiding and Abetting | 09/18/2001 | Ten |
| 18 U.S.C. §§ 1343 and 2(b) | Wire Fraud and Aiding and Abetting | 11/30/2001 | Eleven |
| 18 U.S.C. §§ 1343 and 2(b) | Wire Fraud and Aiding and Abetting | 12/31/2001 | Twelve |
| 18 U.S.C. §§ 1343 and 2(b) | Wire Fraud and Aiding and Abetting | 10/25/2004 | Thirteen |
| 18 U.S.C. §§ 1343 and 2(b) | Wire Fraud and Aiding and Abetting | 11/19/2004 | Fourteen |
| 18 U.S.C. §§ 1001(a)(3) and 2(b) | False Statement and Aiding and Abetting | 09/01/2001 | Fifteen |
| 18 U.S.C. §§ 1001(a)(3) and 2(b) | False Statement and Aiding and Abetting | 11/30/2001 | Seventeen |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 08/15/2000 | Twenty-three |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 04/16/2001 | Twenty-four |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 04/15/2002 | Twenty-five |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 04/15/2003 | Twenty-six |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 10/15/2004 | Twenty-seven |
| 26 U.S.C. § 7203 and 18 U.S.C. § 2(b) | Failure to File Tax Returns and Aiding and Abetting | 08/15/2005 | Twenty-eight |

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: thirty-six (36) months on each of Counts One through Fifteen and Seventeen, to run concurrent, and twelve (12) months on each of Counts Twenty-three through Twenty-eight, to run concurrent to each other and all other counts.

[X] The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to a facility at Fort Worth, Texas. The Court also recommends that the defendant participate in the Residential Drug Abuse Treatment Program (RDAP).

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____  [ ] a.m. [ ] p.m. on _____.

    as notified by the United States Marshal.

[X] The defendant shall be permitted to surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [X] before 12 p.m.  within fifteen days of designation following dissolution of the stay order for entry of judgment.

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years; this term consists of three (3) years on each of Counts One through Fifteen and Seventeen, and terms of one (1) year on each of Counts Twenty-three through Twenty-eight, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[X] The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall provide access to any requested financial information.

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges, open additional lines of credit, or enter into any personal or business loan, note, promissary agreement, or similar without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer.

3. The defendant shall not become an officer, registered agent, or similar for any business entity without the approval of the probation officer.

4. The defendant shall maintain business records for any business activities in which he engages. The defendant shall provide all requested documentation to the probation officer regarding any of his business activities as requested by the probation officer.

5. The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

6. The defendant shall timely file all future business and personal tax returns during the term of supervised release.

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,750.00 | $ 0.00 | $ 562,425.44 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Anderson, Larry | $2,000.00 | $2,000.00 | |
| Andrews, Michelle | $2,500.00 | $2,500.00 | |
| Andrews, James | $2,500.00 | $2,500.00 | |
| Belton, Joe | $5,000.00 | $5,000.00 | |
| Brunton, Kim | $22,000.00 | $22,000.00 | |
| Carey, Jean | $3,725.44 | $3,725.44 | |
| Carl Shires Trust | $19,500.00 | $19,500.00 | |
| Chacon, Leroy W. | $2,250.00 | $2,250.00 | |
| Chandler, Collis | $20,000.00 | $20,000.00 | |
| Drummond, Craig | $25,000.00 | $25,000.00 | |
| Fletemier, Sally | $2,100.00 | $2,100.00 | |
| Gaddis, Randal J. | $1,250.00 | $1,250.00 | |
| Gathers, Robert | $12,000.00 | $12,000.00 | |
| Graves, Bradley and/or Willard | $10,000.00 | $10,000.00 | |
| Haberkorn, Joyce | $2,000.00 | $2,000.00 | |
| Hare, Darrell | $17,500.00 | $17,500.00 | |
| Huber, Jeff and/or Amy | $1,500.00 | $1,500.00 | |
| Huston, John | $1,000.00 | $1,000.00 | |
| Johnson, Arthur J. | $1,250.00 | $1,250.00 | |
| Klein, Roger and/or Joanne | $2,000.00 | $2,000.00 | |
| Klein, Karen | $500.00 | $500.00 | |
| **TOTALS** | $ 562,425.44 | $ 562,425.44 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Klein, Wade | $500.00 | $500.00 | |
| Lade, Marlin/Marlin Lade Living Trust | $10,000.00 | $10,000.00 | |
| Lade, Michael | $5,000.00 | $5,000.00 | |
| Lewis, David | $101,000.00 | $101,000.00 | |
| Lewis, David and/or Larisa | $22,000.00 | $22,000.00 | |
| Long, Darryl | $5,000.00 | $5,000.00 | |
| Long, John | $5,000.00 | $5,000.00 | |
| Maligson, Domingo and/or Janet | $15,000.00 | $15,000.00 | |
| Martinez, Jose L. and/or N. Adele | $4,875.00 | $4,875.00 | |
| Martinez, Victor | $2,250.00 | $2,250.00 | |
| Miliotes, David | $2,250.00 | $2,250.00 | |
| Moritzky, Louis/Estate of Louis Mortizky | $52,000.00 | $52,000.00 | |
| Percival, Virginia | $1,000.00 | $1,000.00 | |
| Petrik, Sandra and/or William | $750.00 | $750.00 | |
| Potthoff, Larry and/or Claudette | $1,500.00 | $1,500.00 | |
| Reinhardt, Christopher and/or Tina | $2,000.00 | $2,000.00 | |
| Reinhardt, John | $3,000.00 | $3,000.00 | |
| Rhenish, Richard | $1,500.00 | $1,500.00 | |
| Ricottone, Lida | $2,000.00 | $2,000.00 | |
| Routh, Charles | $30,500.00 | $30,500.00 | |
| Rubottom, Harlan | $10,000.00 | $10,000.00 | |
| Saner, Darcey | $10,000.00 | $10,000.00 | |
| Saunders, Donna | $5,000.00 | $5,000.00 | |
| Self, Dennis | $5,000.00 | $5,000.00 | |
| Shipman, Ike and/or Sherrie | $10,000.00 | $10,000.00 | |
| Shires, Scott | $4,500.00 | $4,500.00 | |
| Shires, Scott and/or Sarah | $2,500.00 | $2,500.00 | |
| Simmons, Cindy | $1,000.00 | $1,000.00 | |
| Spedding, Ken | $6,000.00 | $6,000.00 | |
| Thomas, Charles | $72,650.00 | $72,650.00 | |
| Thomas, Jennie | $5,000.00 | $5,000.00 | |
| Thomas, William | $1,000.00 | $1,000.00 | |
| Vanderiet, Daniel G. | $3,000.00 | $3,000.00 | |
| Williams, Leslie/Estate of Leslie Williams | $3,075.00 | $3,075.00 | |
| Zubradt, Timothy W. | $1,000.00 | $1,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 8 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The special assessment is due and payable in full immediately.

Restitution shall be directed to the respective addresses provided by the Probation Office to the Clerk of the Court. Restitution shall be due and owing during the term of incarceration, with any unpaid balance upon release from imprisonment to be paid in equal monthly installments of at least $300 during the term of supervised release. Disbursement of restitution payments sent to victims and returned to the Clerk of the Court as unclaimed or undeliverable shall be deposited into the Court's registry and disbursed to the remaining victims.

Restitution for David Lewis and Dennis Self shall be paid to the Crime Victims Fund pursuant to 18 U.S.C. § 3664(g)(2).

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☒ Pursuant to 26 U.S.C. § 7203, the defendant shall pay $3,291.92 related to the costs of prosecution for Counts Twenty-three through Twenty-eight. This obligation shall be satisfied after restitution has been satisfied in full.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/08) Criminal Judgment
   Attachment (Page 1) — Statement of Reasons

Judgment—Page 9 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐ **The Court adopts the presentence investigation report without change.**

B ☒ **The Court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the (Use page 4 if necessary.)

1 ☒ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):
The Court finds that there was no loss to the EPA. The Court finds that a 14 level increase under U.S.S.G. §2B1.1(b)(1)(H) applies because the loss to investors was more than $400,000 but less than $1,000,000. The Court finds that a 4 level increase applies under U.S.S.G. §2B1.1(b)(2)(B) because the offense involved more than 50 victims.

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☒ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):The Court finds that the fraud counts are grouped with the tax counts and that no multiple count adjustments apply.

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☒ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case

☐ substantial assistance (18 U.S.C. § 3553(e))

☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 27
Criminal History Category: I
Imprisonment Range: 60 months as to Counts One, Nine through Twelve, Fifteen and Seventeen; 70 to 87 months as to Counts Two through Eight, Thirteen and Fourteen; 12 months as to Counts Twenty-three through Twenty-eight
Supervised Release Range: 2 to 3 years as to Counts One through Fifteen and Seventeen, and 1 year as to Counts Twenty-three through Twenty-eight.
Fine Range: $ 12,500 to $ 125,000
☒ Fine waived or below the guideline range because of inability to pay.

AO 245B   (Rev. 09/08) Criminal Judgment
          Attachment (Page 2) — Statement of Reasons

Judgment—Page  10  of  12

DEFENDANT:         WILLIAM C. ORR
CASE NUMBER:       06-cr-00192-LTB-01

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

   A ☐  **The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.**

   B ☐  **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
        (Use page 4 if necessary.)

   C ☐  **The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
        (Also complete Section V.)

   D ☒  **The Court imposed a sentence outside the advisory sentencing guideline system.**  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

   A   **The sentence imposed departs** (Check only one.):
       ☐ below the advisory guideline range
       ☐ above the advisory guideline range

   B   **Departure based on** (Check all that apply.):

       1   **Plea Agreement** (Check all that apply and check reason(s) below.):
           ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
           ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
           ☐ binding plea agreement for departure accepted by the Court
           ☐ plea agreement for departure, which the Court finds to be reasonable
           ☐ plea agreement that states that the government will not oppose a defense departure motion.

       2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
           ☐ 5K1.1 government motion based on the defendant's substantial assistance
           ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
           ☐ government motion for departure
           ☐ defense motion for departure to which the government did not object
           ☐ defense motion for departure to which the government objected

       3   **Other**
           ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

   C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| ☐ 4A1.3  Criminal History Inadequacy | ☐ 5K2.1   Death | ☐ 5K2.11  Lesser Harm |
| ☐ 5H1.1  Age | ☐ 5K2.2   Physical Injury | ☐ 5K2.12  Coercion and Duress |
| ☐ 5H1.2  Education and Vocational Skills | ☐ 5K2.3   Extreme Psychological Injury | ☐ 5K2.13  Diminished Capacity |
| ☐ 5H1.3  Mental and Emotional Condition | ☐ 5K2.4   Abduction or Unlawful Restraint | ☐ 5K2.14  Public Welfare |
| ☐ 5H1.4  Physical Condition | ☐ 5K2.5   Property Damage or Loss | ☐ 5K2.16  Voluntary Disclosure of Offense |
| ☐ 5H1.5  Employment Record | ☐ 5K2.6   Weapon or Dangerous Weapon | ☐ 5K2.17  High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6  Family Ties and Responsibilities | ☐ 5K2.7   Disruption of Government Function | ☐ 5K2.18  Violent Street Gang |
| ☐ 5H1.11 Military Record, Charitable Service, Good Works | ☐ 5K2.8   Extreme Conduct | ☐ 5K2.20  Aberrant Behavior |
| | ☐ 5K2.9   Criminal Purpose | ☐ 5K2.21  Dismissed and Uncharged Conduct |
| ☐ 5K2.0  Aggravating or Mitigating Circumstances | ☐ 5K2.10  Victim's Conduct | ☐ 5K2.22  Age or Health of Sex Offenders |
| | | ☐ 5K2.23  Discharged Terms of Imprisonment |
| | | ☐ Other guideline basis (*e.g.,* 2B1.1 commentary) |

   D   **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

AO 245B (Rev. 09/08) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

Judgment—Page 11 of 12

DEFENDANT: WILLIAM C. ORR
CASE NUMBER: 06-cr-00192-LTB-01

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
☒ below the advisory guideline range

☐ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☒ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☒ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☒ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.)

The Court imposes a variant sentence primarily in relation to the need for the sentence to provide just punishment. The Court's reasoning for the sentence imposed is reflected in the record.

AO 245B      (Rev. 09/08) Criminal Judgment
             Attachment (Page 4) — Statement of Reasons

Judgment—Page  12  of  12

DEFENDANT:         WILLIAM C. ORR
CASE NUMBER:       06-cr-00192-LTB-01

# STATEMENT OF REASONS

**VII  COURT DETERMINATIONS OF RESTITUTION**

A ☐ Restitution Not Applicable.

B   Total Amount of Restitution:   $561,700 to investors and $725.44 to Jean Carey pursuant to 18 U.S.C. § 3663A(b)(4), for a total of $562.425.44

C   Restitution not ordered (Check only one.):

   1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4  ☐  Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.