IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  06-cr-00192-LTB
Civil Case No. 14-cv-00428-LTB

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

WILLIAM C. ORR,

    Defendant/Movant.

_____

ORDER
_____

This matter is before me on a "Motion For Recusal of Senior Justice Lewis T. Babcock In the Matter of William Orr's 28 U.S.C. §2255 Motion" in which Mr. Orr, acting *pro se*, seeks my recusal from deciding his motion for post-conviction relief. [**Doc #781**]  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I DENY the motion for recusal.

**I. Background**

Mr. Orr was convicted, following a lengthy jury trial over which I presided, of ten counts of mail fraud; four counts of wire fraud; two counts of submitting false statements to the United States; and six counts of failure to file income tax returns.  I sentenced him to concurrent terms of thirty-six months of imprisonment, followed by a thirty-six month term of supervised release, as well as restitution in the amount of $562,425. [Doc #614]  Mr. Orr's judgment of conviction was affirmed on direct appeal and his petition for *writ of certiorari* to the United States Supreme

Court was subsequently denied. *United States v. Orr*, 692 F.3d 1079 (10th Cir. 2012), *cert. denied* 133 S.Ct. 1300 (2013).

Thereafter, Mr. Orr filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255, on February 18, 2014, in which he asked that his sentence be vacated due to the ineffective assistance of counsel he received during his trial and the direct appeal of his conviction. [Doc #767] That motion has been fully briefed and remains, at this time, pending before me. Mr. Orr subsequently filed this motion in which he seeks my recusal in this matter pursuant to 28 U.S.C. §455. [Doc # 781]

## II. Law

28 U.S.C. §455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of §455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid the "appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Under §455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)(citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a

judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *David v. City & County of Denver*, 837 F.Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See U.S. v. Cooley, supra,* 1 F.3d at 994; *David v. City & County of Denver, supra*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do so, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols v. Alley, supra,* 71 F.3d at 352.

Under §455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *U.S. v. Cooley, supra,* 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols v. Alley, supra,* 71 F.3d at 350-51. In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *U.S. v. Cooley, supra*, 1 F.3d at 993 (emphasis in original). Application of §455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986)(*citing United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should also not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a

"reasonable fear" that the judge will not be impartial. *See U.S. v. Cooley, supra*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *Id.*; *see also Nichols v. Alley, supra,* 71 F.3d at 351.

Finally, I construe the motion liberally because Mr. Orr is a *pro se* litigant, but also note that the Court does not act as a *pro se* litigant's advocate. *Haines v. Kerner*, 404 U.S. 519, 520-2, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. Appearance of Impartiality

Mr. Orr claims that my actions, statements and decisions in his case would lead a reasonable observer to question my ability to remain impartial warranting my recusal under 28 U.S.C. §455(a). As such, he asks that I recuse myself from deciding his pending motion seeking post-conviction relief.

Mr. Orr's primary contention is that my rulings in his underlying case evidence bias against him. He first takes issue with my ruling, on February 27, 2008, denying his request for a continuance of the trial date on the basis that his attorney needed more time to prepare. [Docs #151 & #157] He contends that this decision was improperly based on my desire to have his case tried by a specific time in order to accommodate my "retirement schedule." In so doing, he avers that either myself or my staff communicated that delaying his trial would interfere with my "planned retirement" which, in turn, indicated that I had decided to deny the motion to continue before it was filed. Such conclusion is, however, clearly inaccurate. I have not retired, and remain a full-time appointed federal judge. While my position changed to senior status during Mr. Orr's case – in fact, I became a Senior Judge on April 4, 2008, five days after his trial

4

commenced – nothing changed with regard to my pending case load or trial schedule.  There was no motivation, either proper or improper, for the scheduling of Mr. Orr's trial as it related to my change in status.  *See generally In re American Ready Mix, Inc.*, 14 F.3d 1497, 1501 (10th Cir. 1994)(noting that under §455(a), "factual allegations do not have to be taken as true," as "[t]here is as much obligation for a judge not to recuse when there is no occasion . . . to do so as there is . . . to [recuse] when there is").

Rather, the transcript of the hearing on the motion reveals that I determined that an end-of-justice continuance of the trial date, pursuant to 18 U.S.C. §3161, was unwarranted based on numerous factors including:  that the Indictment was almost two year old, two continuances had already been granted, and the public has an interest in a speedy trial; that the Government's pending motions *in limine* (which should have been anticipated in light of the defense's last-minute expert-witness disclosures) would be primarily dealt with during trial; that the defense was provided extensive resources in the form of attorney, paralegal and investigative time; and that the parties would able to work on the cases on Fridays during trial. [Doc #731] Furthermore, I note that the Tenth Circuit found, when ruling on Mr. Orr's direct appeal, that I did not err in denying his request for continuance of the trial.  *U.S. v. Orr*, *supra*, 692 F.3d at 1101 (determining that "Mr. Orr cannot demonstrate the court's refusal to continue the trial was prejudicial or erroneous").  As a result, I reject Mr. Orr's argument that I am unable to rule in an impartial manner on his motion seeking post-conviction relief because, in essence, to grant it would admit that my rulings during his trial rendered his counsel ineffective.  His contention that such a decision "necessitates" my acknowledgment that my ruling denying his motion to continue was made in error, and it could be "highly unlikely in similar circumstances that any

Court would be capable of making such admission" is without support or merit.

Mr. Orr also takes issue with my order, dated July 9, 2014, in which I denied his third request for an extension of time to file a reply to the Government's response to his post-conviction motion. [Doc #778]  In so ruling, I noted that his request indicated that his delay was due to medical reasons, and I found that the supporting letter from his doctor "causes doubt that Defendant's mental and physical condition will be any better" by the time he requested. However, I subsequently granted Mr. Orr's Motion for Reconsideration and his Motion to Leave to File Draft Reply, and ordered that the attached draft reply (entitled "Incomplete Reply to United States' Answer to Defendant's Motion Under 28 U.S.C. §2255") was accepted for filing as the final reply. [Doc #783]  I also ruled that no further filings would be allowed. [Doc #782] Mr. Orr argues that this ruling, which limited his ability to fully reply to the Government's response, shows bias against him.

I reject Mr. Orr's contention that my denial of his requests for continuances – both at trial and to his final reply to the Government's response to his post-conviction motion – evidences impartiality or bias by a objective observer standard.  Mr. Orr's disagreement with my rulings denying his requests for continuances, under the circumstances here, is not sufficient to demonstrate that an objective observer would perceive impartiality, or that disqualification is appropriate under §455(a).  I note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S, supra*, 510 U.S. at 555.

Mr. Orr next argues that during his underlying case I expressed unwarranted hostility toward his attorney, Paul Grant, that revealed an objective appearance of bias towards Mr. Orr. In support of this claim, Mr. Orr avers that whenever Mr. Grant asked for a continuance – in

light of his status as a sole practitioner and given the amount of work necessary – I would become "upset" and, at least one time, I scolded Mr. Grant by indicating that he should have anticipated such challenges and should not have taken this case if he didn't think he could get done what was needed. Mr. Orr found my position to be "insensitive" and indicated that I seemed "very partial." As such, Mr. Orr contends that I punished him by forcing Mr. Grant to proceed to trial unprepared. He also avers that the "tension" between Mr. Grant and myself was evident at trial. For example, he points to my denial of Mr. Grant's request to suspend trial, after it had commenced, while he visited his sick mother in Florida. [Doc #781]

In support of this argument, Mr. Orr provides a declaration from Mr. Grant indicating that I "showed repeated frustration and hostility towards" him both prior to and during trial, and that my questioning of his request to visit his mother was disrespectful and "was the clearest display of judicial bias I have ever seen." He claims that I displayed an attitude of annoyance and disrespect towards him throughout the trial, particularly during his repeated objections to closing arguments. Mr. Grant concludes that "Judge Babcock criticized me in front of the jury for the apparent purpose of making me look bad to the jury, and he thereby ignored his duties to appear impartial" and, moreover, that "[h]is open partiality was prejudicial to Mr. Orr with the jury." [Doc #781]

Mr. Orr's sister provides a declaration indicating she noticed my "animus" towards Mr. Grant, expressed in front of the jury, in the form of "observable partiality." [Doc #790] Mr. Orr also furnished a declaration from his son, Charles Orr, recalling that I was "more or less constantly upset with Mr. Grant" and indicating that it appeared to him, based on the facial reactions of the jury members, "that the jury gradually grew frustrated with Mr. Grant each time

the Judge reprimanded or scolded him." Mr. Orr's son opined that the Judge "did everything possible in my opinion to bias the jury against Mr. Grant and against my father." [Doc #790]

First, I note that the observations of Mr. Orr's family do not constitute the impressions of a reasonable or objective observer. Moreover, while it is true that I was clearly frustrated with Mr. Grant's inability to comply with my rulings, I find that my expression of that frustration – which was primarily limited to discussions outside of the jury's presence – did not evidence an appearance of partiality against Mr. Orr. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" fails to establish bias or partiality. *Liteky v. U.S., supra,* 510 U.S. at 555-6; *see also United States v. Deberry*, 451 Fed.Appx. 749, 756 (10th Cir. 2011)(unpublished)(ruling that "evidence that the judge criticized or was angry with a party" is insufficient to establish bias)(citations omitted). I disagree that it is a reasonable inference that my frustration with Mr. Grant evidenced a bias against Mr. Orr. *See United States v. Evans*, 262 F.Supp.2d 1292, 1295 (D. Utah 2003)(noting that "[t]o warrant recusal, bias or prejudice must be directed against a party and bias exhibited against an attorney will only merit recusal when it results in material and identifiable harm to the party's case")(*quoting Baldwin Hardware Corp. v. Franksu Enterprise Corp.*, 78 F.3d 550, 557-58 (Fed. Cir. 1996)).

Finally, I reject Mr. Orr's claim that my various substantive rulings against him – coupled with my expressed frustration with his counsel – would indicate to a reasonable observer my impartiality and bias against him. Specifically, Mr. Orr refers me to various "hostile" rulings against him including: the exclusion of his scientific evidence related to the efficiency of his

alternative fuel formula; disallowing him to present his "defense" that this case constituted abusive Government retaliation; and my consideration at sentencing of his investors' opinion that they had not been defrauded. In support of this argument, Mr. Orr's son indicated in his declaration that my rulings – which he avers generally helped the Government and hurt the defense – were "unexplainable unless there was bias on the part of the Judge." Robert Gathers, who provided a declaration as a friend, investor and proffered expert, stated that my rulings rejecting him as an expert and discounting his position that he had not been defrauded at sentencing, as well as disallowing Mr. Orr's belated reply in his post-conviction proceedings, evidence my "obvious" bias . [Doc #790]

      The legal authority is clear, however, that adverse judicial rulings rarely constitute a valid basis for a bias or partiality motion. When such rulings are made "apart from surrounding comments or accompanying opinion, they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. U.S., supra*, 510 U.S. at 555–56. Adverse ruling are almost invariably "proper grounds for appeal, not for recusal." *Id.* Again, I note that the Tenth Circuit found no reversible error on direct appeal. *See U.S. v. Orr*, *supra*, 692 F.3d at 1101.

      Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S., supra*, 510 U.S. at 556. Mr. Orr has not demonstrated such favoritism or antagonism. "A judge should not recuse . . . on

unsupported, irrational, or highly tenuous speculation." *In re American Ready Mix, supra,* 14 F.3d at 1501 (citations omitted).  As a result, I deny Mr. Orr's request for recusal to decide his post-conviction relief motion pursuant to 28 U.S.C. §455 based on the appearance of partiality.

## VI.  Actual Bias

Because Mr. Orr is proceeding *pro se* in this matter, I view his pleading liberally and also construe the request for recusal as a motion under 28 U.S.C. §144.  Section §144 provides a procedure whereby a party to a proceeding may request the judge to recuse himself based on "personal bias or prejudice either against the moving party or in favor of any adverse party."

Under this procedure, the moving party must submit a timely and sufficient affidavit of personal bias and prejudice.  28 U.S.C. §144; *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  Rumor, speculation, opinions and the like do not suffice; rather "[t]he affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *see also Green v. Branson*, *supra*, 108 F.3d at 1305.  Although the Court must accept the facts alleged in a proper supporting affidavit as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  In addition, the moving party has a substantial burden "to demonstrate that the judge is not impartial." *U.S. v. Burger, supra,* 964 F.2d at 1070.  As an initial matter, I note that Mr. Orr had failed to satisfy the procedural requirements of 28 U.S.C. § 144 in that there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith." 28 U.S.C. § 144.  It has been determined, by at least one court, that *pro se* party cannot supply a certificate of counsel.  *See Williams v. New York City Housing Authority*, 287 F.Supp.2d 247, 249 (S.D.N.Y. 2003).

However, even assuming, *arguendo*, that a *pro se* litigant can submit the required certificate of counsel on his own behalf, or that Mr. Grant's affidavit constitutes a "certificate of counsel of record stating that [the supporting affidavit] is made in good faith" as required by 28 U.S.C. §144, the bias charged by Mr. Orr is not "of a personal nature," nor is it "such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *Securities and Exchange Comm'n. v. Solv–Ex Corp.*, 164 F.Appx. 765, 766 (10th Cir. 2006)(unpublished)(*quoting United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977)). As such, I likewise deny Mr. Orr's request for recusal to decide his post-conviction relief motion to the extent he is doing so pursuant to 28 U.S.C. §144 based on actual bias or prejudice.

ACCORDINGLY, for the reasons stated, I DENY the "Motion For Recusal of Senior Judge Lewis T. Babcock In the Matter of William Orr's 28 U.S.C. §2255 Motion." [**Doc #781**]

Dated: November  25 , 2014 in Denver, Colorado.

                                              BY THE COURT:

                                               s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE