IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 14-cv-00428-LTB
Criminal Action No. 06-cr-00192-LTB-1

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

WILLIAM C. ORR,

    Movant/Defendant.

---

# ORDER

---

This matter is before me on a "Verified Rule 59, 62 Motion for New Trial or to Alter or Amend the Judgment Re: the Denial of Petitioner William Orr's 28 U.S.C. § 2255Motion/and Amendment to Orr's 28 U.S.C. § 2255 Motion," ECF No. 806, and the "Notice of Errata Re Rule 59, 62 Motion, and Motion for Leave to Submit Corrected Motion," ECF No. 808, filed *pro se* by Movant/Defendant William C. Orr. After full consideration of the pleadings and attachments at issue, the Motions are denied for the reasons set forth below.

## I. Background

Movant was indicted in May 2006 for solicitation of money from investors and the Government by false representations, and was convicted by a jury trial on May 28, 2008, of all counts of mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2(b), wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2(b), and making false statement and aiding and abetting in violation of 18 U.S.C.

§ 2001(a)(3) and (2(b), and was sentenced on June 4, 2009, to a total of thirty-six months of incarceration and three years of supervised release. The final judgment was entered on July 27, 2009, ECF No. 640. Movant was ordered to self surrender on August 12, 2009, ECF No. 643, and his request for an extension of the surrender date, ECF No. 646, was denied on August 11, 2009, ECF No. 654.

Movant filed a direct appeal on August 9, 2009. *See* 645. The judgment of conviction was affirmed on appeal on August 29, 2012, *see United States v. Orr*, 692 F.3d 1079 (10th Cir. 2012), and Movant's petition for certiorari review was denied on February 19, 2013, *see Orr v. United States*, No. 12-8187, 133 S. Ct. 1300 (2013). Movant then filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 767, on February 18, 2014, which is one day prior to the expiration of the one year limitation period to file a § 2255 motion under 28 U.S.C. 2255(f).

In support of the § 2255 Motion, Movant filed a 120-page Memorandum. Movant's claims were set forth as follows:

1. Trial Related Failure

    i. Statute of limitations extended by government beyond five years based on scheme to defraud;

    ii. Scheme to defraud does not exist if Movant had good faith belief that scientific testing results were true;

    iii. Undisputed scientific fact that MMT in unleaded gasoline reduces NOx emissions;

    iv. Movant's representations of Niper test results are scientific representations;

2

     v.      Trial counsel was ineffective for failing to secure dismissal of the indictment;

     vi.      Trial counsel was ineffective for failure to investigate and interview prosecution witnesses, including Marshall;

     vii.      Trial counsel was ineffective by not impeaching Reed on his scientific reports which demonstrated VPC's (Vapor Phase Combustion) emission and T.E. (Thermal Efficiency) Improvements;

     viii.      Trial counsel was ineffective in not timely identifying the March 11, 1991 oil and gas journal article titled, "MMT Increases Octane While Reducing Emissions";

     ix.      Trial counsel failed to identify, timely subpoena, and/or otherwise secure the testimony of critical defense witnesses;

     x.      Trial counsel failed to interview/investigate and prepare critical defense FRE 702 expert witnesses;

     xi.      Trial counsel failed to establish there was no economic harm suffered by octane shareholders;

     xii.      VPC's antiknock value demonstrates shareholders suffered no economic loss and defendant did not contemplate harm;

     xiii.      Trial counsel prejudiced Movant by not securing jury instructions on "contemplated harm" and "good faith," and by not raising an affirmative defense; and

     xiv.      The trial was fundamentally unreliable because trial counsel did not insist on the jurors having summarized evidence and transcripts to review;

2. Appellate Failure

     i.      Appellate counsel was constitutionally defective and as a result Movant was denied his appeal as a right;

     ii.      Insufficiency of evidence as a matter of law;

    iii.  Appellate counsel was inaccessible by Movant during appellate preparation due to BOP interference;

    iv.  Appellate counsel failed to raise trial counsel ineffectiveness on appeal; and

    v.  Appellate counsel failed to raise palpable sentencing errors on appeal.

Mem. in Support, ECF No. 768, 9-118. The government filed a response on March 20, 2014. Movant requested leave to reply to the response, ECF No. 771, which was granted, ECF No. 772, and thereafter, requested two extensions of time, ECF Nos. 773 and 775, which also were granted, ECF Nos. 774 and 776. Finally, on July 23, 2014, a reply, although filed out of time, and titled, "Incomplete Reply," was accepted and filed. *See* ECF No. 783. The Reply is 150 pages long.

  Just prior to Movant submitting the Incomplete Reply, he filed a "Motion for Recusal of Senior Justice Lewis T. Babcock". *See* ECF No. 781. The fifty-two page Motion asserts prejudice based on denial of motions for continuances during the trial and the § 2255 proceedings. The government was directed to file a response to the Motion for Recusal, ECF No. 784, which they did on August 12, 2014, ECF No. 785. Movant then requested an extension of time until September 15, 2014, to file a reply, ECF No. 786, which was granted and limited to fifteen pages, ECF No. 787. Movant filed a forty-one page Reply on September 16, 2014, along with a Motion to File out of Time, ECF Nos. 788 and 788-1. The Motion was granted. *See* ECF Nos. 789 and 790. On November 25, 2014, the Motion for Recusal and the § 2255 Motion were denied. *See* ECF Nos. 791 and 792.

On December 23, 2014, Movant filed a "Motion for Extension of Time to File Rule 59 Motion for New Trial or to Alter or Amend the Judgment Re: the Denial of Petitioner William Orr's 28 U.S.C. § 2255 Motion", ("Motion for Extension"), ECF No. 794.  In the Motion for Extension, Movant asserts that the Motion to Recuse should be considered as part of his § 2255 Motion.  ECF No. 794 at 2.  Movant also requests in the Motion for Extension that he have until February 23, 2014, to "further present/elaborate on his arguments and more importantly to provide additional essential evidence (in support of his Motion for Recusal, as well as his Motion to Alter or Amend the Judgment), and to submit an adequately-prepared Rule 59 Rule Motion for New Trial or to Alter or Amend the Judgment Re: Denial of his 28 U.S.C. § 2255 Motion." *Id.* at 14.  Finally, Movant asserts that in the "event there is a procedural bar or other matter, which precludes the grant of this Motion (which Petitioner prays is not the case), Petitioner respectfully asks that his above arguments be accepted as his Motion and document be converted into a Motion to Alter or Amend the Judgment, and if necessary be converted into his Motion to Reconsider the Denial of the Motion for Recusal." *Id.* at 14-15.

Movant also on December 23, 2014, filed a "Motion for Leave to File Reconsideration Motion Re: The Recusal of Senior Judge Lewis T. Babcock," ECF No. 795, which was denied on December 29, 2014, ECF No. 798.  Movant further filed a "Motion Under Rule 62, 59 to Stay Enforcement of the Judgment Denying William Orr's 28 U.S.C. § 2255 Petition," ECF No. 796, and a "Motion Under F.R.Civ.P. 62, 59 to Stay the Judgment Denying William Orr's 28 U.S.C. § 2255 Petition Pending Resolution

of his Post-Trial Motions," ECF No. 797. These two motions and the Motion for Extension were granted. See ECF Nos. 799 and 800.

Movant filed another motion for an extension of time to file the Rule 59 Motion, ECF No. 803, which was granted in part and allowed him until March 24, 2015, to file the Motion, ECF No. 804. Nonetheless, Movant was directed that no further extensions would be allowed, which Movant contested and requested an April 7, 2015 date to comply, see ECF No. 805; but he also filed an eighty-six page motion to reconsider, titled, "Incomplete Draft Filed Under Duress", ("Incomplete Draft"), ECF No. 806, on March 24, 2015. The request for an extension until April 7, 2015 was denied, see ECF No. 807. Movant, however, filed a "Notice of Errata Re Rule 59, 62 Motion, and Motion for Leave to Submit Corrected Motion and a proposed 536 page filing titled, " and a " 'Corrected' Rule 59, 62 Motion Rule 59, 62 Motion for New Trial or to Alter or Amend the Judgment Re: The Denial of Petitioner William Orr's 28 U.S.C. § 2255 Motion; Denial of Orr's Motion to Recuse/and Amendment to Orr's 28 U.S.C. § 2255 Motion," ("Corrected Rule 59 Motion"), ECF Nos. 808 and 808-1, on April 3, 2015.

Movant was released from the BOP and commenced supervised release on March 22, 2012. See ECF No. 761. I received confirmation of the expiration of supervised release as of March 21, 2015, from the probation office, and Movant asserts in his Motion for Release of Passport, ECF No. 809, that this Court endorsed the expiration on March 10, 2015. Whether Movant's supervised release was terminated on March 10 or 21, 2015, Movant now has fulfilled the terms of his supervised release. Nonetheless, for the following reasons fulfillment of the terms of the supervised released does not render the § 2255 motion moot.

It is true that federal courts may consider only actual "cases or controversies." U.S. Const. art. III, § 2, cl. 1, and that "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and ellipses omitted). Also, "[i]f during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009).

Furthermore, "[o]nce the [habeas petitioner's] sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Movant must establish that "sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000); *see also United States v. Hernandez–Baide*, 146 F. App'x. 302, 304 (10th Cir. 2005) (unpublished) (explaining that petitioner bears the burden of proving sufficient collateral consequences).

Claims challenging the underlying conviction, however, are presumed to have sufficient collateral consequences. *See Spencer*, 523 U.S. at 8 ("In recent decades we have been willing to presume that a wrongful conviction has continuing collateral consequences . . . ."); *see also Meyers*, 200 F.3d at 718 (explaining that "there is a presumption of sufficient collateral consequences" where the petitioner's claims challenge the underlying conviction). Given there is a presumption of sufficient collateral consequences when claims challenge the underlying conviction, I will refrain

from denying the § 2255 Motion as moot and address Movant's Rule 59 Motion as follows.

## II.  Standard of Review

I have reviewed Movant's Motion for Leave to Submit Corrected Motion, ECF No. 808, and the proposed, 536 page Corrected Rule 59 Motion.  In the Corrected Rule 59 Motion, Movant concedes that nothing of substance was included in this Motion that was not included in the first Rule 59 Motion.  ECF No. 808 at 1.  In fact, Movant states, in the Motion for Leave to Submit Corrected Motion that this Motion "omitted page and other references, duplicated argument, numerous grammatical and spelling errors, and other information that Movant had intended to delete from his motion, including mistakes, questionable argument, and more."  *Id.*  Nothing in the Corrected Motion, therefore, supports a granting of the Motion for Leave to Submit Corrected Motion.  I, therefore, will deny the Motion for Leave, ECF No. 808, and proceed to review the merits of the Rule 59 Motion submitted on March 24, 2015, as follows.

### A.  Fed. R. Civ. P. 59/§ 2255 Motion

Movant does not identify which subparagraph of Rule 59 is the basis for his requested reconsideration of the denial of the § 2255 Motion.  Since he is challenging the denial of his § 2255, I construe the Rule 59 Motion as filed pursuant to subsection (e).  A Rule 59(e) motion is subject to the same characterization as a Rule 60(b) motion when addressing second or successive habeas issues, *see United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006).  It also is settled in this circuit that a Rule 59(e) motion that "simply asserts or reasserts a federal basis for relief from the petitioner's underlying conviction is actually a second or successive . . . § 2255 motion."  *United*

States v. Hendrix, 571 F. App'x 661, 664 (10th Cir. 2014) (quoting *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (internal quotation marks omitted)). Therefore, throughout this Order reference to either Rule 59(e) or to Rule 60(b) are to be considered interchangeable for the purpose of addressing the merits of Movant's Rule 59 Motion.

**B. Successive**

In *Lopez v. Douglas*, 141 F.3d 974 (10th Cir. 1998), the Tenth Circuit announced a rule that treated all Rule 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). *Id.* at 975. Subsequently, the Supreme Court clarified that not all 60(b) motions constitute second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). A Rule 60(b) motion must be construed as a successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). If Movant's Rule 59 Motion were a true motion for reconsideration the motion would either have to "(1) challenge[ ] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenge[ ] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-base attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

Movant asserts in his Rule 59 Motion that he is challenging his trial proceedings based on judicial bias and that this claim should be considered as a claim within the scope of relief sought in Movant's § 2255 Motion. *See* ECF No. 806 at 3. Movant bases his judicial bias claim on my denial of counsel's motion for a continuance during

trial proceedings.  *Id.*  Movant contends the denial was predetermined because granting the continuance would have interfered with my "retirement schedule."  *Id.*

Movant's judicial bias claim clearly attacks the validity of his conviction and not the integrity of the habeas proceeding; the motion is successive and subject to authorization pursuant to 28 U.S.C. § 2255(h).  *See Gonzalez*, 545 U.S. at 534; *United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013); *United States v. Medina*, 510 F. App'x 749, 751 (10th Cir. 2013) (Rule 60(b) motion attacking underlying conviction is appropriately deemed a successive motion).

Under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3), Movant must obtain permission from the Tenth Circuit for a district court to consider a second or successive § 2255 motion.  In the absence of such authorization, a district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Movant does not assert that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion.  Therefore, the § 2255 motion must either be dismissed for lack of jurisdiction or, if it is in the interest of justice, transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be considered in deciding whether a transfer is in the interest of justice include whether (1) the claims would be time barred if filed anew in the proper forum; (2) the claims alleged are likely to have merit; and (3) the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.  *Id.* at 1251.

Based on the findings below, in Section "3. Request to Amend § 2255" of this Order, it is clear that at the time Movant filed the Rule 59 Motion the judicial bias at trial claim was successive and requisite jurisdiction was lacking to consider the claim. A transfer of this claim to the Tenth Circuit, therefore, is not in the interest of justice. *See Trujillo v. WIlliams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (suggesting it is not in the interest of justice to transfer under 28 U.S.C. 1631 when a "plaintiff either realized or should have realized that the forum in which he or she filed was improper"). Furthermore, as found below, the judicial bias claim was time-barred when Movant first raised the claim. Moreover, because the Tenth Circuit found in Movant's direct appeal that he "cannot demonstrate the court's refusal to continue the trial was prejudicial or erroneous," *see United States v. Orr*, 692 F.3d 1079, 1101 (10th Cir. 2012), it is highly unlikely that his new claim of judicial bias based on a "retirement schedule" is meritful.

Based on the above findings, Movant would not be prejudiced by my decision to dismiss the judicial bias claim as successive rather than transferring the claim to the Tenth Circuit. I, therefore, will deny the Rule 59 Motion as it pertains to alleged judicial bias at trial for lack of jurisdiction.

**C. Procedural Error/Defect in the Integrity of Proceeding**

For the most part, the Rule 59 Motion is devoted to rearguing the basis for Movant's Motion for Recusal and to attacking the validity of Movant's underlying conviction and sentence rather than claiming a procedural error or an integrity defect in the habeas proceeding. ECF No. 806. Movant also argues that his right to a direct appeal was denied because (1) the clerk of the court for the Tenth Circuit failed to file

any of his requests and constructively denied him the requisite tools and transcript necessary to file his brief; and (2) the Tenth Circuit denied his motion to challenge the effectiveness of appellate counsel. *Id.* at 66-84. Neither the attack of the validity of the underlying conviction and sentence, the reargument of the recusal issue for judicial bias at trial, nor the alleged denial of due process during direct appeal is a basis for finding a procedural error or defect in the integrity of the § 2255 proceeding.

Only one of Movant's claims set forth in the eighty-six page Rule 59 Motion, ECF No. 806, could possibly be identified as a claim of a procedural error or defect in the integrity of the § 2255 proceeding. This claim addresses the alleged actual and apparent judicial bias that Movant asserts took place during the pendency of his § 2255 Motion. ECF No. 806 at 3. Specifically, Movant asserts that I denied him adequate time, given his circumstances, to prepare his motions. *Id.* at 9-10. Movant further asserts I denied his request for discovery of the Court's calendar during the trial proceedings and contact information for the Court's staff. *Id.* at 10. Movant contends that this evidence would assist him in showing whether my description of the trial schedule, as presented in the November 25, 2014 Order denying Movant's Motion for Recusal, was accurate. *Id.* Movant further contends that the denial of the trial schedule was a "blatant attempt to conduct a one-sided proceeding, where the judge gets to introduce his own evidence, where the judge attempts to prevent the discovery of any contradictory evidence, where [Movant] is not allowed the opportunity to contest the "judge's evidence", [sic] and where the judge gets to rule on the basis of his own unchallenged evidence." *Id.*

As stated above, a 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1216. An example of a true Rule 60(b)motion, would be one that asserts the federal district court incorrectly dismissed a petition for failure to exhaust, as procedurally barred, or because of the statute of limitations. *Id*. In *Spitznas*, the Tenth Circuit further states that

> A Rule 60(b) motion asserting fraud or other defect in the integrity of the federal habeas proceeding may also constitute a true 60(b) motion, although this type of motion requires a more nuanced analysis. For example, whether a 60(b) motion that alleges a defect in the integrity of the habeas proceeding based upon a claim of fraud on the court constitutes a true 60(b) motion depends on the fraud alleged. If the alleged fraud on the court relates solely to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b) motion. *See id.* at 2648 n.5 (citing example of witness's allegedly fraudulent refusal to testify at federal habeas hearing). Thus, an allegation that the state presented fraudulent testimony before the habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true 60(b) motion. However, if the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.

*Id.*

The action challenged by Movant is the denial of his request in the § 2255 proceeding for the court trial proceeding calendar, which Movant wanted to use to discredit my claims in support of the November 25, 2014 Order denying the Motion for Recusal. This is not a procedural error or a defect in the integrity of the federal habeas proceeding. Movant's assertion that during his § 2255 proceedings he was denied

Case 1:06-cr-00192-LTB   Document 812   Filed 05/13/15   USDC Colorado   Page 13 of 20

discovery of the Court's trial proceedings calendar associated with the trial proceedings, to be used for the purpose of disproving my basis for denying the Motion for Recusal, is no more than the continuing argument that the trial court was biased and prejudicial. *Id.* at 1216, n. 4 ("spurious attempts to re-cast substantive arguments in the guise of 'fraud on the court' . . . , will properly be treated as an attempt to allege or re-allege substantive grounds for habeas relief, thus presenting a second or successive petition.")

Movant asserts for the first time in the Motion for Extension, ECF No. 794, filed on December 23, 2014, that he intends to include the motion to recuse as part of the § 2255 motion. ECF No. 794 at 2. Movant is asking that I reopen the § 2255 proceeding to allow him to pursue a previously unasserted claim for relief from his conviction. According to *Gonzalez*, this type of action clearly requires the Tenth Circuit's authorization under § 2255(h). *See Gonzalez*, 545 U.S. at 532.

Furthermore, Movant's claim that he was denied extensions of time to file "his motions," ECF No. 806 at 9, does not state a procedural error or defect in the integrity of this federal habeas proceeding. From March 20, 2014, when the government filed the response to the § 2255 Motion, until July 8, 2014, Movant had over three months to reply. The Reply Movant filed is 150 pages long. Movant also had from December 23, 2014, the date he submitted the motion for an extension of time to file his Rule 59 Motion, until March 24, 2015, three months, to file the Motion, which is eighty-six pages long. Also, when he did file the Corrected Rule 59 Motion, the substance of the Motion was no different than the first Rule 59 Motion submitted on March 24, 2015.

14

A time or page limitation imposed by a court does not, *per se*, equate to a procedural error or defect in the integrity of a federal habeas proceeding. Three months is sufficient time to prepare a reply or motion, and is found to be quite sufficient in this case because Movant was able to submit a reply and a motion that are quite lengthy. Here, I find the interest in judicial economy, finality, and efficiency is at issue, and was best served when Movant was precluded from filing more than two requests each for an extension of time to file a reply to the government's response to the § 2255 Motion and for an extension of time to file the Rule 59 Motion. Nothing was compromised in Movant's filings by the limitations I imposed.

Movant's judicial bias claims that pertain to his § 2255 proceedings are only attempts to re-cast substantive arguments of his judicial bias at trial claim. Even if these claims were addressed as true Rule 60(b) claims they fail to state a procedural error or a defect in the integrity of the § 2255 proceeding. I, therefore, will deny the Rule 59 Motion as it pertains to alleged judicial bias during the § 2255 proceedings for lack of jurisdiction; or in the alternative deny the Motion in part for failure to assert a basis for finding procedurally error or an integrity defect.

Furthermore, I will not address Movant's recusal issues for a third time. I thoroughly reviewed Movant's claims in the order entered on November 25, 2014, denying the Motion for Recusal, ECF No. 791, and found no basis for entertaining a reconsideration of the denial, ECF No. 798. To the extent Movant again is attempting to relitigate his recusal argument in both Rule 59 Motions, ECF Nos. 806 and 808, I will decline consideration based on the findings in the November 25 Order.

**D. Request to Amend § 2255**

Relying on *Mount v. United States*, 1991 U.S. App. LEXIS 33036 (1st Cir. 1991), Movant contends that other courts "in similar circumstances automatically incorporate separately filed Motions to Recuse into outstanding § 2255 proceedings, particularly when said Recusal recites evidence of judicial bias at trial -- raising the specter to vacate the conviction." *Id.*

Once judgment is entered the filing of an amended pleading is not permissible until judgment is set aside or vacated pursuant to Rule 59(e) or 60(b). *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985). The final judgment precludes a party from amending a pleading as of a right pursuant to Rule 15(a). *Fedderson Motors, Inc. v. Ward*, 180 F.2d 519, 523 (10th Cir. 1950). Movant's Fed. R. Civ. P. 62 Motion to Stay the Judgment, however, is properly filed pursuant to Rule 62(b), which provides for a stay while a Rule 59 or 60 motion is pending, *see* Rule 62(b)(3) and (4).

"In post judgments motions to amend, the Rule 15 and Rule 59 inquiries turn on the same factors." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 611, 616 (6th Cir. 2010) (internal quotation marks omitted)). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Leisure Caviar*, at 615 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). As with Rule 15 motions, district courts have considerable discretion in deciding whether to grant Rule 59 motions. *Id.*

Even if Movant's Fed. R. Civ. P. 62 Motion to Stay the Judgment is for the purpose of amending the § 2255 Motion and my granting the stay provides Movant the opportunity to amend the § 2255 Motion, the amendment still would be barred for the following reasons.

As noted above, Movant's conviction and sentence were final on February 19, 2013, when the U.S. Supreme Court denied his petition for certiorari review. Movant filed his 28 U.S.C. § 2255 Motion on February 18, 2014, within one day of the one-year time limitation expiring under § 2255(f) to file a § 2255 motion.

Movant's request to amend the § 2255 Motion, first presented on December 23, 2014, is well outside the one-year limitation period imposed under § 2255(f). Even if I were to consider Movant's suggestion that the Motion for Recusal, filed July 21, 2014, is an implicit motion to amend the § 2255 to include the judicial bias at trial claim, this claim as stated in the Motion for Recusal was submitted well beyond the one-year limitation period.

A claim raised in an amended pleading is timely under Fed. R. Civ. P. 15(c)(1)(B) if the claim "relates back to the date of the filing of the original pleading" and if the amended pleading "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out–or attempted to be set out–in the original pleading." Under *Mayle v. Felix*, 545 U.S. 644, 657-64 (2005), the relation back provision in Rule 15(c) is strictly construed because Congress has placed stringent time restrictions on habeas applications.

> "[A]n untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion

> *if and only if* the original motion was timely and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case.*"

*See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (emphasis added) (citation omitted).

Movant may amend the § 2255 motion, even after the expiration of the one-year limitation period, as long as the proposed amendments relate back to the timely-filed claims. *See Mayle*, 545 U.S. at 657. In the original § 2255 Motion, (Memorandum in Support), Movant sets forth fourteen claims. None of the claims are based on the trial court's bias and prejudice. Movant contends, in the Memorandum, that he was deprived of due process and the right to a fair trial because trial counsel was a sole practitioner and was overwhelmed by the magnitude, scope and complexity of the case and was "utterly unprepared for trial." ECF No. 768 at 9. Movant further states in the Memorandum that "the Court's denial of a continuance deprived [him] of due process and a fair trial." *Id.* at 10. Again, Movant does not assert that I was biased and prejudicial at trial. Therefore, because the judicial bias claim fails to relate back to the claims asserted in the original § 2255 Motion the claim is time-barred under § 2255(f), and jurisdiction is lacking to address the claim.

Finally, I note that the denial of continuance also was at issue in Movant's direct appeal. *See Orr*, 692 F.3d at 1101. The Tenth Circuit found that the trial court's refusal to continue the trial did not demonstrate prejudice nor was it erroneous. *Id.* The Tenth Circuit found that the proper standard pursuant to *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990), was used and no error was committed in the denial of any continuance. *Orr*, 692 F.3d at 1101. "Absent an intervening change in the law of a

circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)). No new law is at issue in the § 2255 proceeding, nor does Movant state a denial of due process in the trial proceedings based on a denial of continuances.

### III.  Conclusion

Based on the foregoing, I find that the Rule 59 Motion lacks merit and should be denied. Accordingly, it is

ORDERED that the "Notice of Errata Re Rule 59, 62 Motion, and Motion for Leave to Submit Corrected Motion," ECF No. 808, is DENIED. It is

FURTHER ORDERED that the "Verified Rule 59, 62 Motion for New Trial or to Alter or Amend the Judgment Re: the Denial of Petitioner William Orr's 28 U.S.C. § 2255Motion/and Amendment to Orr's 28 U.S.C. § 2255 Motion," ECF No. 806, is DENIED. It is

FURTHER ORDERED that no certificate of appealability is required regarding the alleged judicial bias at trial because this claim is found to be successive. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (no COA is required if the district court correctly treats a 60(b) motion as a second or successive petition). It is

FURTHER ORDERED that no certificate of appealability regarding the alleged judicial bias during the 28 U.S.C. § 2255 proceeding will issue because Movant has not made a substantial showing of the denial of a constitutional right or a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that the stay of the judgment entered on December 29, 2014, *see* ECF No. 800, is vacated. The Clerk of the Court is directed to enter Final Judgment as of the date of this Order.

DATED at Denver, Colorado, this   13th   day of     May     , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court